**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR BROWARD COUNTY**

**CASE NO. CACE-2021-**

**RAYMOND PURCELL** and **RANDALL
PURCELL**,

      Plaintiffs,

vs.

**CITY OF FORT LAUDERDALE,
Florida**, a municipal corporation,
**STEVEN POHORENCE**, and
**ALEXANDER PAUL**,

      Defendants.

——————————————/

## COMPLAINT

This federal civil rights and state law tort action arises from the warrantless entry into the home of, detention of, and use of excessive force against Raymond Purcell and Randall Purcell on April 6, 2017, by defendants Steven Pohorence and Alexander Paul, City of Fort Lauderdale Police Officers. Raymond Purcell, a 62-year-old senior citizen, requested law enforcement assistance after his vehicle was vandalized. But instead of filing a police report upon their arrival, defendants Pohorence and Paul beat plaintiffs up in their own home and filed false criminal charges against them that were dismissed by the Broward County State Attorney's Office. Both Purcell brothers file this action seeking monetary, declaratory, and injunctive relief, including damages stemming from Officers Pohorence and Paul's illegal entry into the Purcell home, the excessive force used while illegally detaining them, and malicious prosecution.

### JURISDICTION AND PARTIES

1.     This is an action for damages exceeding $75,000.00, not including

costs, attorney's fees, and prejudgment interest.

2.      The claims asserted arise pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Florida. This Court has jurisdiction to hear all claims contained in this action.

3.      This court has original jurisdiction over claims brought pursuant to the laws of the State of Florida and concurrent jurisdiction over to claims brought pursuant to 42 U.S.C. § 1983.

4.      Venue is proper in Broward County, Florida because it is where all the parties reside and where the events complained of occurred.

5.      Plaintiffs have performed all conditions precedent, in accordance with §768.28(6), Florida Statutes, and all other requirements, before bringing this action. All conditions precedent have otherwise occurred, been performed, been met, been waived, would be futile, or are otherwise inapplicable.

6.      This complaint is based on the individual and concerted conduct of the named police officer defendants in using the police power of the State of Florida to deprive Plaintiffs of their constitutional and civil rights. The defendants' conduct, individually and jointly, , and through the authority given to them by the City of Fort Lauderdale, made under color of law, violated the rights of the Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution as well as the statutes and laws of Florida.

7.      At all times material to this action, all defendants acted under color of state or local law.

## PARTIES

8.      Plaintiff RAYMOND PURCELL (hereinafter "Raymond") is a citizen of the State of Florida residing in Broward County and is over the age of 18 years. During the events giving rise to this case, Raymond was a 62-year-old senior citizen.

9.     Plaintiff RANDALL PURCELL (hereinafter "Randall") is a citizen of the State of Florida residing in Broward County and is over the age of 18 years.

10.    At all relevant times, defendant CITY OF FORT LAUDERDALE ("City") is and was a duly organized public entity existing under the laws of the State of Florida. At all relevant times, City was the employer of defendant Officers Pohorence and Paul.

11.    At all relevant times, defendant STEVEN POHORENCE was a duly authorized employee and agent of City, who was acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, defendant City. Officer Pohorence is a citizen of the State of Florida residing in Broward County and is over the age of 18 years.

12.    At all relevant times, defendant ALEXANDER PAUL was a duly authorized employee and agent of City, who was acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, defendant City. Officer Paul is a citizen of the State of Florida residing in Broward County and is over the age of 18 years.

13.    The causes of actions contained in this complaint occurred and accrued in Broward County, Florida, in the Southern District of Florida.

**RELEVANT FACTS COMMON TO ALL COUNTS**

14.    On April 6, 2017, Plaintiff Raymond Purcell was the victim of car vandalism who requested the assistance of law enforcement.

15.    Fort Lauderdale Police Officers Steven Pohorence and Alexander Paul responded.

16.    The Officers knew the Purcells and their residence because the police responded earlier that day to a request for assistance in connection with a visiting relative who refused to leave the residential property after being asked

to leave.

17.     After police intervention, the relative left, but keyed both Raymond's truck and his significant other's car.

18.     Raymond requested the same officers come back to his home for a follow up investigation into the vandalism and to make an arrest.

19.     When Officer Paul arrived for this second call, Raymond showed them the damage to the car using his flashlight.

20.     Raymond was sober.

21.     The officers explained there would be no arrest nor would a police report be completed, because the damage was under one thousand dollars and the relative had left the scene.

22.     The police investigation was thereupon complete.

23.     Offended by law enforcement's refusal to write a police report, Raymond slammed his fist on the hood of the car and then went inside the house.

24.     Raymond's significant other exited the house and began speaking with law enforcement, who explained to her how to file a police report.

25.     While Officer Paul was talking to her, Raymond exited the residence and began complaining about the police inaction while in his garage connected to the house within the curtilage of his property. He tossed his flashlight on top of his work cabinet within his garage.

26.     As he started walking back into his home, Officer Paul attacked him without consent or permission. Paul hit Raymond's hand, situated on the doorknob, with the butt of his gun, and busted the doorknob.

27.     Paul then slammed Raymond onto the ground.

28.     When Paul began placing Raymond's hands behind his back, the senior citizen pleaded with Paul, explaining he was disabled and did not have full motion in his arms. Paul ignored Raymond's pleas and continued pulling at which point Raymond heard a snap in his arms and went limp.

29.     Notwithstanding, Paul continued to punch Raymond in the face while he was on the ground with so much force that it knocked Raymond's acrylic partial dentures out of his mouth.

30.     During the unlawful beating, Randall Purcell, Raymond's brother, told the police "Don't touch my brother," at which time Officer Pohorence attacked Randall too.

31.     Officer Pohorence kicked Randall and placed his foot on Randall's face.

32.     Officer Pohorence caused a one-half inch cut to Randall's eye that required medical sutures to repair. To this day, Randall has a C-shaped scar on his face, near his eye, causing a deformity visible to anyone who looks at his face.

33.     Randall did not offer or reasonably appear to offer violence to any police officer or any other person. Nor did the State Attorney charge Randall with offering violence to law enforcement.

34.     Raymond did not offer or reasonably appear to offer violence to any police officer or any other person. Nor was he charged with offering violence to law enforcement.

**A.      Law enforcement officers provided knowingly and intentionally false claims in support of criminal prosecution to justify their actions.**

35.     As with many police brutality cases, law enforcement gave a different account. Yet, in this case, the account given by the law enforcement officers did not provide a legal justification for their actions. In sum, the officers' factual recitation contained in their depositions in the criminal proceeding – even though patently false – provide no legal justification for the warrantless entry into Raymond's home, the seizures of Raymond and Randall, and the excessive force used to effectuate the seizures.

**1.     *Raymond did not offer any violence to the officers.***

Page 5 of 34

36.     Law enforcement officers claim that Raymond was intoxicated, was mad, and threw his flashlight into his garage. They did not believe he committed a crime or that he offered violence toward them.

37.     In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Pohorence provided the following sworn testimony:

Q.      When was that?

A.      After he shined the flashlight on the damage of the vehicle to show us where she allegedly keyed the vehicle. And he said, "I want her arrested now. You can trace her phone." We told him we couldn't do that, and that it appeared to be under a thousand dollars worth of damage. He got mad and threw the flashlight inside when we told him an arrest wasn't going to be made that night.

Q.      Okay. So he took his flashlight, which was his property, and threw it into his own garage, correct?

A.      Correct.

Q.      He didn't throw it in your direction?

A.      No.

Q.      He didn't throw it into Officer Paul's direction?

A.      No.

Q.      So it was never meant to hit you, right?

A.      No.

Q.      He threw it into his own garage and then he went into his own garage?

A.      Uh-huh, yes.

38.     In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Paul provided the following sworn testimony:

Q.      You said that he threw his flashlight into the garage, right?

A.   Yes, sir.

Q.   Where were you standing in relation to the garage; did you have your back to the garage or were you facing --

A.   I was facing the garage.

Q.   Okay. So he threw the flashlight in a direction away from you, right?

A.   Yes, sir.

Q.   Away from you and Officer Pohorence?

A.   Yes, sir.

Q.   So he didn't try to throw the flashlight at you or Officer Pohorence, right?

A.   No, sir.

Q.   He threw his own property into his own property and damaged his own property?

A.   Yes, sir.

Q.   No crime there, right?

A.   No, sir.

**2.   *Officers admitted there was no probable cause or reasonable suspicion to detain Raymond. They falsely claimed they detained him for officer safety.***

39.   The defendant officers claimed in the criminal proceeding that they detained Raymond for officer safety. Specifically, they claimed Raymond went inside the house, and while they were talking to Raymond's significant other, Raymond stormed out of the house, said, "Next time they come back, I'm gonna start shooting," and then started to go back inside.

40.   To be sure, Raymond said no such thing. He did not say "Next time

they come back, I'm gonna start shooting."

41.     Notwithstanding, Officer Paul conceded he did not believe Raymond committed a crime at this point. Paul claimed that, at most, he had a hunch that Raymond was talking about the police.

42.     In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Paul provided the following sworn testimony:

Q.     At the time he said that, did he point at you and Officer Pohorence?

A.     He just stormed right into the garage.

Q.     Okay. My question is: At the time that he made that statement, was he pointing to you and Officer Pohorence?

A.     Not to my knowledge, went straight into the garage.

Q.     Okay. At the time that he made that statement, did he say "the officers, the cops, the police"? Did he say anything that directed that statement towards you and Officer Pohorence?

A.     He didn't specify as far as any cops or anything like that. I don't know who he was talking about.

Q.     You didn't know who he was talking about?

A.     I didn't want to find out either so...

Q.     Hold on. You did not know who he was talking about, right?

A.     I assumed it was us while we were there.

Q.     You said, "I didn't know," correct?

A.     I don't know who he was talking about.

Q.     Okay. Then you say, "I assumed," correct?

A.     Yes, sir.

Q.     An assumption is a belief based not in fact, correct?

Page 8 of 34

A.     Based on the circumstances of what's going on, yes.

Q.     Okay. "Next time they come back," that's talking about a date in the future, correct?

A.     Yes.

Q.     Conditioned on a future event, correct?

A.     Yes.

Q.     So it wasn't a present threat at that moment, correct?

A.     I don't know that.

Q.     You didn't know anything then?

A.     No.

Q.     You're guessing?

A.     If I go to a scene --

Q.     I'm asking a question. You're guessing at this point, right?

A.     I'm assuming, yes.

Q.     You're assuming. Going off a hunch, right?

A.     From what's going on at that particular circumstance.

Q.     You're going off a hunch based upon those circumstances, correct?

A.     Yes.

Q.     It's not rooted in any fact?

A.     No. All I know is that there were weapons in the house, he was very angry and acting irate.

Q.     At that point had he committed a crime?

A.     No.

43.     As far as the reference to weapons, the officers asked Raymond if he had any weapons inside the home during their first visit to the home earlier that day. Raymond disclosed he had a firearm inside the home as well as a concealed firearms permit. While inside the home during this first visit, the officers also saw decorative and valuable Star Trek memorabilia and collectibles:



44.     The decorative weapon blades affixed to the wall were not easily assessable and were no threat to law enforcement.

45.     Similarly, Officer Pohorence agreed there was no probable cause to arrest and that Officer Pohorence did not believe Raymond committed a crime, was committing a crime, or was about to commit a crime.

46.     In his June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Pohorence provided the following sworn testimony:

Q.     Okay. So what crime were you detaining Mr. Purcell for when you detained him in his house?

Page 10 of 34

A.      We were detaining him for an officer-safety issue.

Q.      Well, you can detain someone under an investigatory stop, correct?

A.      Correct, or if there's an officer-safety issue. If we feel that we're being threatened.

Q.      Let's talk about an investigatory stop. Did you believe a crime had previously been committed by him?

A.      Not by him, but he was a victim of a crime.

Q.      Okay. Do you believe that he was in the process of committing a crime?

A.      No.

Q.      Do you believe he was about to commit a crime?

A.      No.

Q.      So you did not believe he previously committed a crime, had committed a crime, or about to commit a crime, right?

A.      No.

Q.      Okay. Did you have probable cause for an arrest?

A.      On him, no.

### 3.      *Officers conceded there was no warrant or consent to enter the Purcell home.*

47.     The defendant officers entered the garage to detain Raymond. Raymond was standing inside the garage, right in front of where his entry door was located.

48.     The law enforcement officers did not have a warrant to enter the home. Nor did they obtain consent to enter the home.

49.     There were no exigent circumstances.

50.     When the defendant officers entered the home without a warrant or

consent, the officers had no reason to believe Raymond or anyone else nearby was engaged in unlawful activity.

51.   The law enforcement officers were not legally detaining another person near Raymond at the time they detained Raymond.

52.   In the June 16, 2017 deposition in Broward County Case No. 17-3809MM10A, Officer Pohorence provided the following sworn testimony:

Q.   Where did you detain him with regards to his home?

A.   We attempted to detain him inside the garage, right in front of where his door was. We tried to prevent him from going inside the house.

Q.   Well, you were inside his garage, correct?

A.   Correct.

Q.   You were inside the curtilage of his home?

A.   Correct.

Q.   Did you have a warrant to enter his home?

A.   No, the garage was open.

Q.   If the front door is open, do you need a warrant to enter into a home?

A.   Well, yes, but --

Q.   Okay. Did you have a warrant to enter into his garage?

A.   No.

Q.   Did you receive consent from him to enter into the garage?

A.   No.

Q.   Did you have what you believe is exigent circumstances of fresh pursuit?

A.   Well, the statements that he's making saying that "Next time

they come, I'm gonna start shooting," and then he goes to make a run for his garage door into his residence where we know there's weapons, yes, I believe we had the right to detain him.

Q.   I'm asking you this. Were you in fresh pursuit of him?

A.   No.

Q.   You believe that you had exigent circumstances, correct?

A.   Yes.

53.   In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Paul provided the following sworn testimony:

Q.   And it's based upon him yelling and slamming things around in his own garage that you entered into his garage, correct?

A.   Yes.

Q.   Okay. Did you have a warrant to enter his garage?

A.   No.

Q.   Did you have consent from him to enter his garage?

A.   No, no.

Q.   Was there anything that you saw in plain view that allowed you to enter his garage?

A.   There was tools in the garage.

Q.   Any contraband?

A.   No.

Q.   Would you agree, to enter someone's home, you need either a warrant, consent, or exigent circumstances such as fresh pursuit, right?

A.   Yes.

Q.   You didn't have a warrant, right?

Page 13 of 34

A.   No.

Q.   You didn't have consent, correct?

A.   No.

Q.   And you weren't in fresh pursuit for exigent circumstances, correct?

A.   No.

Q.   Okay. So what legal authority gave you to enter his garage?

A.   While there, conducting my -- talking to the wife, concluding my investigation, he came out acting irate and made several threats and I felt that I needed to think first of my safety and his safety and everyone else there. So we attempted to detain him.

### 4.   *Officer Paul, who detained Raymond, had no known or apparent facts supporting a belief that Raymond was going for a weapon.*

54.   Regarding the claim of officer safety, Officer Paul, who physically detained Raymond, had no known or apparent facts supporting a belief that Raymond was going for a weapon.

55.   In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Officer Paul provided the following sworn testimony:

Q.   You attempted to detain him because you know that there were weapons in his home?

A.   Yes.

Q.   He never made a movement to get a weapon, did he?

A.   I don't know that. He stormed, started throwing things away, and then he walked towards back the house, inside the house again from the garage.

Q.   So you have no facts to support a belief that he was going for a weapon?

Page 14 of 34

A.  As far as a physical fact, no.

**5.  *Pohorence claims he attacked Randall because Randall ran toward him in an aggressive manner. Pohorence did not claim in in the criminal proceeding that Randall offered violence to him.***

56.  While Officer Paul was detaining Raymond, Officer Pohorence struck Randall, Raymond's brother. Officer Pohorence claims Randall ran toward him in an aggressive manner. To be sure, Randall did not in fact run toward Officer Pohorence or any other person in an aggressive manner.

57.  In the June 16, 2017, deposition in Broward County Case No. 17-3809MM10A, Steven Pohorence provided the following sworn testimony.

Pohorence:  We were trying to put his hands behind his back, and that's when the Defendant ran towards me and said, "Don't touch my brother."

Q.  When the Defendant came out and got involved when did you strike him?

A.  When he ran towards me in an aggressive manner.

Q.  How far away was he when you struck him?

A.  He was at an arm's reach. He ran from the as soon as the garage ends, at the start of the driveway, so the garage door right where the garage door would be, as we were attempting to detain his brother, he began to run towards me. And then when he was closing in on the gap, when he was at an arm's reach, I pushed him with an open palm.

Q.  Did you give him any instructions to stop?

A.  Yes, I stated multiple times to stay back.

Q.  And then you struck him?

A.  Correct, with an open palm to his chest to create distance so we could attempt further to detain his brother.

Q.  Okay. Once you struck him the first time, what happened

Page 15 of 34

next?

A.     He fell back. He tripped on a chair. And then he ended up leaving the garage.

58.    To be sure, Randall never charged Officer Pohorence or threatened any violence to Officer Pohorence or any other person.

**B.     Law enforcement officers file charges against both Purcell brothers.**

59.    Raymond Purcell received a notice to appear for resisting without violence.

60.    Randall Purcell was arrested for resisting with violence as well as resisting without violence. Only after Randall's arrest, the defendant law enforcement officers discovered an arrest warrant for Randall in another state.

61.    In the felony proceeding, Officers Paul and Pohorence filed false police reports for resisting with violence and resisting without violence against the Purcell brothers.

62.    The police report falsely claimed that Randall pushed Officer Pohorence. Officer Pohorence abandoned the claim in his deposition.

63.    The State Attorney's Office filed a criminal charge against Randall only for resisting without violence.

64.    Plaintiffs engaged private counsel to represent them in the criminal proceedings. After the filing of motions to dismiss, the State Attorney's Office dismissed both cases.

**C.     Internal Affairs Investigation**

***1.     The Fort Lauderdale Police Department does not follow its use of force investigations protocols.***

65.    Every Fort Lauderdale police officer who uses force during a citizen encounter is required to disclose the use of force for agency review. The disclosure is typically made in the arrest affidavit or offense incident report.

66.     The use of force report discloses the force used as well as the officer's justification for using that force, including the circumstances that necessitated the force.

67.     One purpose of the review policy is to monitor law enforcement officers' use of force against civilians. The review policy exists because the City of Fort Lauderdale is fully aware of the need for oversight based on known instances of police excessive use of force against innocent civilians. If law enforcement officers are not supervised and their use of force subject to administrative review, the officers will use force indiscriminately.

68.     By custom and practice, the City of Fort Lauderdale does not investigate the truth of the matters asserted by its officers in their use of force disclosures.

69.     Specifically, the South Florida Sun-Sentinel uncovered a practice within the police department of not independently verifying facts asserted by officers in their report. *Experts say cops defied basic policy failure to review bodycam footage may have let aggressive cops slide the advent of body camera*, South Florida Sun-Sentinel (June 26, 2020).[1]

70.     Agency reviewers do not look to evidence independent of what the officers self-report, even if the evidence is in the form of undisputable body camera footage. Stated differently, the Fort Lauderdale Police Department accepts the version of the facts stated by the police at face value, even when it knows or has reason to believe the statements are false, manufactures, or materially exaggerated.

71.     The failure by the City to conduct independent investigations allows aggressive members of the City police force who use excessive force to act

---

[1]     (available    at    https://www.sun-sentinel.com/local/broward/fort-lauderdale/fl-ne-lauderdale-officer-investigation-folo-20200626-cpkcphohjbbdvbnwgabottugnm-story.html)

unchecked, thus rendering the agency review process meaningless and resulting in endangering civilians.

72.    This lack of accountability encourages the unlawful police use of force.

73.    For Officer Pohorence, the failure to independently review his assertions that the force he used during encounters was justified allowed his behavior to go unchecked and resulted in countless innocent victims of his excessive force, including the Purcells.

74.    Specifically, the *South Florida Sun-Sentinel* uncovered evidence that independent body camera footage of several of Pohorence's citizen encounters debunked his asserted claims of his justified use of force. *See Videos show Fort Lauderdale cop pushing his knee into men's necks for arrests*, South Florida Sun-Sentinel (June 23, 2020).[2] Officer Pohorence was never punished for his use of force because of the City's custom and practice of not independently reviewing the alleged circumstances asserted to be the basis for using force.

75.    Pohorence was only employed by the City for four months. Yet, he had a known history of unlawful use of force. The City Police Department and City officials knew that:

- On December 21, 2016, Officer Pohorence drew his firearm on a subject inside an abandoned building without lawful justification. Officer Pohorence had no reasonable grounds for such force. Officer Pohorence was not disciplined. Nor was a determination made that he violated City policies and procedures.

- On Aug 9, 2017, the Department learned of Officer Pohorence illegally seizing an individual driving a rental vehicle. Officer Pohorence was not disciplined. Nor was a determination made that he violated City policies and procedures.

---

[2]    (available    at    https://www.sun-sentinel.com/local/broward/fort-lauderdale/fl-ne-fort-lauderdale-cop-new-investigation-20200623-6dcvk46ztff6ra3jek6nkkwyfi-story.html)

- On February 11, 2017, Officer Pohorence drew his firearm on individuals being investigated for a non-violent offense, grand theft auto. Officer Pohorence was not disciplined. Nor was a determination made that he violated City policies and procedures.

- On April 6, 2017, Officer Pohorence, while responding to another call, drew his firearm to stop two men preparing to fight each other. Officer Pohorence's justification: one of them had a hammer. Officer Pohorence was not disciplined. Nor was a determination made that he violated City policies and procedures.

76.    Paul similarly had a known history of using unlawful force. The City Police Department and City officials knew that:

- On December 25, 2016, in connection with a misdemeanor arrest for possession of drug paraphernalia, Officer Paul and another officer struck a suspect several times in the abdomen using their knees, because he pulled away from the arrest, allegedly attempted to destroy the crack pipe and tried to stand up after being leg swept to the ground. Officer Paul was not disciplined. Nor was a determination made that he violated City policies and procedures.

### 2.    *The City fails to conduct an adequate investigation of the Purcell complaint.*

77.    After the dismissal of his criminal action, Raymond filed an internal affairs complaint with the City Police Department in 2019 and gave a statement to Sergeant Keven Dupree.

78.    Raymond made internal affairs aware that the criminal cases were dismissed by the State Attorney's Office.

79.    The City Police Department, however, only opened a case investigation for unnecessary force and false arrest. It did not investigate Raymond's claim of excessive force and unlawful entry into his home. Nor did the Police Department reconsider its earlier use of force determination in light of Raymond's testimony.

80.    The Police Department conducted an inadequate investigation. The Police Department did not review the sworn depositions in the criminal case.

81.    The Police Department did not independently verify facts contained in the officers' reports. Alternatively, if they did, the Police Department and its internal affairs officers intentionally ignored the inconsistent statements that demonstrated defendant officers provided false testimony during the internal affairs investigation by exaggerating the Purcell brothers' conduct.

82.    The City and its Police Department found no violation on or around October 18, 2019.

83.    The case was never submitted to the civilian review board for review for independent review.

84.    Consequently, Officers Paul and Pohorence were never disciplined for the unlawful entry into the premise, unlawful seizure, and unlawful use of excessive force.

**CAUSES OF ACTIONS AGAINST OFFICERS POHORENCE AND PAUL.**

**COUNT I – Illegal Entry into Home — Under 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment (Against Pohorence and Paul)**

85.    Plaintiffs reallege paragraphs 1 through 84.

86.    The law is clearly established that a warrantless entry into a home must be accompanied by probable cause to believe a crime has been committed and an exigent circumstance.

87.    The officer defendants did not have reasonable suspicion or probable cause to believe Raymond had committed, was committing, or was about to commit a criminal offense.

88.    The officer defendants did not have probable cause to believe an exigent circumstance necessitated the warrantless entry into the Purcell home.

89.    Raymond was not lawfully seized. Nor was he or anyone near him the subject of a lawful seizure by law enforcement.

90.    The defendant officers had no articulable basis for believing

Raymond was fleeing law enforcement, presented an imminent risk of serious injury to any person, or raised a risk of the destruction of any evidence.

91.     At the time defendants Pohorence and Paul entered the premises, plaintiffs had a right not to be subjected to warrantless and nonconsensual entry into their home.

92.     Defendants Pohorence and Paul knew or should have known that their conduct in entering the premises without a warrant violated the clearly established constitutional rights of the plaintiffs.

93.     At the time the defendant officers entered plaintiffs' home, no officer in their position could have believed there was probable cause to believe that plaintiffs committed any crime.

94.     At the time plaintiffs were inside the home, no officer in the officer defendants' position could have believed there was reasonable suspicion to believe the plaintiffs had or would commit any crime.

95.     Defendants Pohorence and Paul's warrantless entry into the home was willful, reckless, callous, intentional, and malicious in derogation of the plaintiffs' rights under federal and state law.

96.     As a direct and proximate result of defendants Pohorence and Paul's violation of plaintiffs' civil rights, plaintiffs suffered damages, including mental anguish, bodily injury, pain and suffering, and humiliation.

For these reasons, plaintiffs demand judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) against defendants Pohorence and Paul for damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs of this action, reasonable attorney's fees, and any other relief this Court deems just and proper.

### COUNT II – Unlawful Seizure — Under 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment (Against Pohorence and Paul)

97.     Plaintiffs reallege paragraphs 1 through 84.

98.    By detaining and striking the plaintiffs, as well as placing them in handcuffs, the defendant officers seized the plaintiffs.

99.    At the time of the seizure, no reasonable police officer could have believed that there was probable cause to believe plaintiffs committed any criminal offense or reasonable suspicion to believe they had committed an offense, were committing an offense, or were about to commit an offense.

100.    The defendant officers did not have reasonable articulable suspicion that would authorize the detention of plaintiffs for any reason or length of time.

101.    To conduct a *Terry* stop in someone's home, clearly established law requires there must be reasonable suspicion and an exigent circumstance.

102.    There was no articulable reasonable suspicion and no exigent circumstance in this instance.

103.    Because plaintiffs' detention was not supported by arguable probable cause or arguable reasonable suspicion, the defendant officers violated plaintiffs' clearly established Fourth Amendment rights.

104.    The actions by defendant Pohorence and Paul were reckless, objectively unreasonable, and constituted an unlawful seizure in violation of the Fourth Amendment to the United States Constitution.

105.    Because Defendants could not legally detain plaintiffs, they were not permitted to use any force whatsoever, and all physical and mental injuries received by plaintiffs during the seizure were proximately caused by the defendant officers.

106.    Plaintiffs were seized at the direction of each defendant officer in this count, and each defendant officer in this count participated in the decision to seize plaintiffs.

107.    The actions of each defendant officer were the proximate cause of plaintiffs' arrest.

108.    Defendants Pohorence and Paul's conduct caused plaintiffs' injuries

and mental anguish.

109.   Defendants Pohorence and Paul's unlawful seizure was willful, reckless, callous, intentional, and malicious in derogation of the plaintiffs' rights under federal and state law.

For these reasons, plaintiffs demand judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) against defendants Pohorence and Paul for damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs of this action, reasonable attorney's fees, and any other relief this Court deems just and proper.

### COUNT III – Excessive Force — Under 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment (Against Pohorence and Paul)

110.   Plaintiffs reallege paragraphs 1 through 84.

111.   The use of force in effectuating the detention of Raymond and Randall Purcell was excessive and shocks the conscience.

112.   Defendants Pohorence and Paul committed acts that violated plaintiffs' constitutional rights, including but not limited to, the right not to be subjected to excessive or unreasonable force.

113.   The force used by defendants Pohorence and Paul was reckless, objectively unreasonable, and constituted an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

114.   Defendants Pohorence and Paul's conduct caused plaintiffs' injuries and mental anguish.

115.   Defendants Pohorence and Paul knew or should have known that their conduct violated the clearly established constitutional rights of plaintiffs.

116.   The force used by Defendants Pohorence and Paul was willful, reckless, callous, intentional, and malicious in derogation of the plaintiffs' rights under federal and state law.

117.   As a direct and proximate result of defendants Pohorence and Paul's

violation of plaintiffs' civil rights, plaintiffs suffered damages, including mental anguish, bodily injury, pain and suffering, and humiliation.

118.   The force used to effectuate plaintiffs' detention is the proximate cause of plaintiffs' physical and mental injuries.

For these reasons, plaintiffs demand judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) against defendants Pohorence and Paul for damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs of this action, reasonable attorney's fees, and any other relief this Court deems just and proper.

## COUNT IV - Assault and Battery
### (Against Paul and Pohorence)

119.   Plaintiffs reallege paragraphs 1 through 84.

120.   Defendants Pohorence and Paul committed acts intended to cause plaintiffs an apprehension of harmful or offensive contact.

121.   Defendants Pohorence and Paul committed acts that caused apprehension in plaintiffs that harmful or offensive contact was imminent.

122.   The force used by defendants Pohorence and Paul was a harmful and offensive contact.

123.   Defendants Pohorence and Paul were acting in the scope and furtherance of their employment as law enforcement officers.

124.   Defendants Pohorence and Paul acted intentionally, in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

125.   As a direct and proximate result of defendants Pohorence and Paul's conduct, plaintiffs suffered damages, including, bodily injury, pain and suffering, humiliation, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, plaintiffs demand judgment against defendants Pohorence and Paul for compensatory damages, punitive damages, prejudgment

interest on liquidated damages as allowed by law, costs, and such other and further relief as the Court deems appropriate.

## COUNT V - False Imprisonment Claim
### (Against Paul and Pohorence)

126.  Plaintiffs reallege paragraphs 1 through 84.

127.  Plaintiffs suffered a harmful and offensive seizure by defendants Pohorence and Paul.

128.  Defendants Pohorence and Paul did not have reasonable suspicion or probable cause to seize or arrest plaintiffs.

129.  Defendants Pohorence and Paul did not have a warrant to seize or arrest plaintiffs.

130.  Defendants Pohorence and Paul were acting in the scope and furtherance of their employment.

131.  Defendants Pohorence and Paul acted intentionally, in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

132.  As a direct and proximate result of defendants Pohorence and Paul's conduct, plaintiffs suffered damages, including, bodily injury, pain and suffering, humiliation, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, plaintiffs demand judgment against defendants Pohorence and Paul for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

## COUNT VI – Malicious Prosecution
### (Against Pohorence and Paul)

133.  Plaintiffs reallege paragraphs 1 through 84.

134.  Defendant Officers Pohorence and Paul owed a duty of care to the citizenry in general, and specifically in this case, they owed a duty of care to

plaintiffs.

135.   Defendant Officers Pohorence and Paul commenced or continued an original criminal proceeding against plaintiffs.

136.   Defendant Officers Pohorence and Paul were the legal cause of the original proceeding against the plaintiffs.

137.   On or about April 10, 2017, and July 24, 2017 the prosecution against Raymond Purcell and Randall Purcell, respectively, stemming from Raymond's notice to appear and Randall's arrest was terminated in favor of plaintiffs.

138.   The termination of the prosecution constituted a *bona fide* determination that there was an absence of probable cause for the prosecution and continued prosecution against plaintiffs.

139.   Said prosecution was instituted without probable cause by defendant Officers Pohorence and Paul and the facts known by the defendant officers would not have warranted a reasonable person to believe that any criminal offense had been committed by plaintiffs.

140.   Defendant Officers Pohorence and Paul acted maliciously and in bad faith against the plaintiffs at all times mentioned herein. No prosecution of plaintiffs would have occurred but for the actions of Defendant Officers Pohorence and Paul.

141.   There was an absence of probable cause to arrest and prosecute plaintiffs and for the continued prosecution against plaintiffs.

142.   Plaintiffs suffered damages as a result of the proceedings.

For these reasons, plaintiffs demand judgment against defendants Pohorence and Paul for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

**CAUSES OF ACTION AGAINST CITY OF FORT LAUDERDALE**

## COUNT VII - Federal Civil Rights Violations
### (Against City of Fort Lauderdale)

143.    Plaintiffs reallege paragraphs 1 through 84.

144.    Defendants Pohorence and Paul committed acts that violated plaintiffs' constitutional rights.

145.    Defendants Pohorence and Paul have not been disciplined for their unnecessary and excessive use of force.

146.    Prior to the plaintiffs' situation described in this Complaint, defendants Pohorence and Paul used excessive and unnecessary force against, unlawfully seized, and unlawfully entered the homes of Fort Lauderdale civilians.

147.    The actions and inactions of defendants City, Pohorence, and Paul were done pursuant to one or more of the following *de facto* policies, practices, and/or customs of the City that are so pervasive as to carry the force of law.

148.    The City has a *de facto* policy, practice, and/or custom of concealing and/or suppressing officer misconduct (both on-duty and off-duty misconduct), including the use of unlawful force, unlawful seizures, and warrantless searches and detentions. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept and act on citizen complaints against police officers; failure to investigate criminal conduct involving officers; disparate treatment between an officer who is the subject of an investigation and a non-officer suspect; failure to promptly record witness statements or preserve evidence; failure to promptly interview the suspected officer; failure to properly and sufficiently discipline an officer, even when a complaint is sustained; fabrication of exculpatory evidence or destruction of evidence; and failure to initiate prompt disciplinary procedures related to the alleged misconduct, even when the allegation of misconduct is meritorious.

149.    Likewise, the City has a *de facto* policy, practice, and/or custom of

deficient and biased procedures for investigating complaints, including excessive force and unlawful and warrantless searches and seizures against on-duty officers.

150. The City has a *de facto* policy, practice, and/or custom of failing to maintain accurate and complete records of complaints and investigations of misconduct.

151. The City has a *de facto* policy, practice, and/or custom of failing to turn over and disclose complete records of complaints and investigations of misconduct.

152. The City has a *de facto* policy, practice, and/or custom of a "code of silence" (also referred to as the "blue line" or "blue shield"). This code is an implicit understanding between and among members of the City Police Department resulting in a refusal or failure to report instances of misconduct of which they are aware, including the use of unlawful force and warrantless searches, seizures and entry onto property, despite their obligation to do so as sworn police officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations against a fellow officer related to misconduct to protect themselves or their fellow officers from discipline, criminal prosecution, or civil liability.

153. The City acted in a manner consistent with a *de facto* policy, practice, and/or custom of a "code of silence" and "blue shield" when it chose not to immediately discipline defendants Pohorence and Paul for the constitutional violations committed against plaintiffs and others.

154. Further, the City acted in a manner consistent with a *de facto* policy, practice, and/or custom of a "code of silence" and "blue shield" when it engaged in conduct such as, but not limited to, the following:

  a. The City Internal Affairs ("IA"), and Police Department supervisors and superiors failed to conduct proper administrative investigations

into defendants Pohorence and Paul both before and after the Purcell incident.

b. The City, IA, and Fort Lauderdale Police Department supervisors and superiors failed to lawfully and/or properly adjudicate the administrative investigations into the complaints against defendants Pohorence and Paul both before and after the Purcell incident.

c. The City failed to properly investigate and/or discipline defendants Pohorence and Paul both before and after the Purcell incident.

d. The City failed to dismiss defendant Pohorence when he conducted an unlawful search and seizure and use of excessive force during his probationary period.

e. The City and its Police Department's policies and practices governing behavioral intervention are deficient in that they are non-disciplinary.

155. The City and its Police Department supervisors and superiors knew its officers were initiating unlawful searches and seizures as well as using excessive force against Fort Lauderdale civilians and residents. It took no actions to train or discipline its police officers to avoid the constitutional violations discussed in this Complaint.

156. Individually and collectively, the above-described *de facto* policies, practices, and/or customs of the City proximately result in the culture and pervasive attitude among members of the Fort Lauderdale Police Department, including defendants Pohorence and Paul, that they may engage in misconduct against citizens, residents, and others with impunity, and without fear of official consequence. The City's police officers, including defendants Pohorence and Paul consider themselves "above the law."

157. The aforementioned *de facto* policies, practices, and/or customs of

the City, individually and collectively, have been maintained and/or implemented with utter indifference by the City and has or have encouraged and/or motivated defendants Pohorence and Paul to engage in the described conduct and wrongful acts against plaintiffs, and therefore acted as the direct and proximate cause of the injuries sustained by the plaintiffs.

158.   The aforementioned *de facto* policies, practices, and/or customs of the City, individually and/or collectively, were the moving force behind defendants Paul and Pohorence's described conduct, depriving plaintiffs of their constitutional rights.

159.   The above acts and/or omissions of the City violated plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

160.   As a direct and proximate result of the City's conduct, plaintiffs were subjected to injury, including deprivations of their civil rights. Plaintiffs suffered damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, plaintiffs demand judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, attorney's fees, and such other and further relief as the Court deems appropriate.

## COUNT VIII - Assault and Battery
### (Against City of Fort Lauderdale)

161.   Plaintiffs reallege paragraphs 1 through 84.

162.   Defendants Pohorence and Paul committed acts intended to cause plaintiffs an apprehension of harmful or offensive contact.

163.   Defendants Pohorence and Paul committed acts that caused apprehension in plaintiffs that harmful or offensive contact was imminent.

164.   The force used by defendants Pohorence and Paul was a harmful and offensive contact.

165.   Defendants Pohorence and Paul were acting in the scope of their employment.

166.   Defendants Pohorence and Paul acted intentionally but not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

167.   Pursuant to Florida Statute 768.28(9), the City is vicariously liable.

168.   As a direct and proximate result of defendants Pohorence and Paul's assault and battery, plaintiffs suffered damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, plaintiffs demands judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, costs, and such other and further relief as the Court deems appropriate.

## COUNT IX - False Imprisonment
### (Against City of Fort Lauderdale)

169.   Plaintiffs reallege paragraphs 1 through 84.

170.   Plaintiffs suffered a harmful and offensive seizure by defendants Paul and Pohorence.

171.   Defendants Pohorence and Paul did not have reasonable suspicion or probable cause to seize or arrest plaintiffs.

172.   Defendants Pohorence and Paul did not have a warrant to seize or arrest plaintiffs.

173.   Defendants Pohorence and Paul were acting in the scope and furtherance of their employment.

174.   Defendants Pohorence and Paul acted intentionally but not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

175.   Pursuant to Florida Statute 768.28(9), the City is vicariously liable.

For these reasons, plaintiffs demand judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

## COUNT X - Negligent Training and/or Supervision
### (Against City of Fort Lauderdale)

176.   Plaintiffs reallege paragraphs 1 through 84.

177.   At all times material hereto, defendant City owed a duty to take reasonable care in the instruction, training, and supervision of its employees.

178.   Defendant City breached its duty by failing to implement its training regiment and by failing to implement its agency review procedures, including by:

a.   Maintaining a custom of ignoring and/or covering up known or suspected misconduct by its officers, including excessive and unreasonable uses of force, unlawful searches and seizures, and unlawful entries/trespasses into citizens' homes;

b.   Maintaining a plan and practice of using Fort Lauderdale Police Department resources to protect its employees from criminal, civil, and administrative consequences of their unreasonable searches and seizures and excessive use of force and to protect the City from embarrassment and accountability;

    c.  Maintaining a plan, and practice of controlling persons and use of force reporting, allowing 1) incomplete statement-taking, 2) incomplete and disingenuous analysis of the force used, 3) understatements of the force used, and 4) overstatement of the resistance to which the use of force allegedly in response;

    d.  Failing to meaningfully train and/or discipline officers with respect to the appropriate use of force during police-citizen encounters and the proper reporting of incidents that involved the use of force, even after learning of a steady increase in the number of sustained excessive force allegations against Fort Lauderdale Police Department employees, as required by City policies and procedures;

    e.  Failing to properly investigate suspected incidents of excessive force and unreasonable searches and seizures, in line with its review policies.

179.  Defendant City breached its duty owed by negligently instructing, training, and supervising defendants Pohorence and Paul in the reasonable and safe interaction with unarmed suspects without using unlawful violence and in the warrantless entry into a person's home.

180.  As a direct and proximate result of the City's negligent supervision, retention, and training of defendants Pohorence and Paul, plaintiffs were subjected to injury, including deprivations of their civil rights and state law rights. Plaintiffs suffered damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, plaintiffs demand judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial as to all counts so authorized.

Dated: April 5, 2021

Respectfully submitted,

*S/ Michael T. Davis*
**BENEDICT P. KUEHNE**
Florida Bar No. 233293
**MICHAEL T. DAVIS**
Florida Bar No. 63374
**JOHAN DOS SANTOS**
Florida Bar No. 1025373
**KUEHNE DAVIS LAW, P.A.**
100 S.E. 2nd St., Suite 3105
Miami, FL 33131-2154
Tel: 305.789.5989
Fax: 305.789.5987
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

## RETURN OF NON-SERVICE

State of Florida

County of Broward

Case Number: CACE21006919

Plaintiff:
**RAYMOND PURCELL and
RANDALL PURCELL**

vs.

Defendant:
**Florida, a municipal corporation, STEVEN POHORENCE, and ALEXANDER
PAUL,**

For:
MICHAEL T. DAVIS
KUEHNE DAVIS LAW, P.A.
100 SE 2 STREET
STE,3105
MIAMI,, FL 33131

Received by JUAN M. RIPOLL & ASSOCIATES on the 16th day of April, 2021 at 3:42 pm to be served on **CITY OF
FORT LAUDERDALE,, 100 North Andrews Avenue, Fort Lauderdale,, FL 33301.**

I, MICHEAL BRYANT, do hereby affirm that on the **20th day of April, 2021 at 12:46 pm, I:**

**NON-SERVED** the **CIVIL ACTION SUMMONS & COMPLAINT** for the reason that I failed to find **CITY OF FORT
LAUDERDALE,** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
4/20/2021  12:46 pm  SERVICE COULD NOT BE ACCEPTED. SUMMONS HAS TO BE AMENDED TO ADD BY
SERVING THE MAYOR (HIS NAME) OR SCOTT WYMAN

Under penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are
true. I am over the age of 18, have no interest in the above action and am a Specially Appointed Server, in good
standing, in the 17th Judicial Circuit wherein this process was served. No Notary required pursuant to F.S. 92.525
(2).

**MICHEAL BRYANT**
SPS 1537

**JUAN M. RIPOLL & ASSOCIATES
4105 EAST 9TH COURT
HIALEAH, FL 33013
(786) 290-0900**

Our Job Serial Number: MRM-2021270347

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

## RETURN OF SERVICE

**State of Florida**                                                          **County of Broward**

Case Number: CACE21006919

Plaintiff:
**RAYMOND PURCELL and**
**RANDALL PURCELL**


MRM2021270349

vs.

Defendant:
**Florida, a municipal corporation, STEVEN POHORENCE, and ALEXANDER**
**PAUL,**

For:
MICHAEL T. DAVIS
KUEHNE DAVIS LAW, P.A.
100 SE 2 STREET
STE,3105
MIAMI,, FL 33131

Received by JUAN M. RIPOLL & ASSOCIATES on the 16th day of April, 2021 at 3:47 pm to be served on
**ALEXANDER PAUL, CITY OF FORT LAUDERDALE police dept., c/o WANDA OUTLAW COURT LIAISON, 100**
**North Andrews Avenue, Fort Lauderdale,, FL 33301.**

I, MICHEAL BRYANT, do hereby affirm that on the **27th day of April, 2021** at **11:04 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **CIVIL ACTION SUMMONS & COMPLAINT**
with the date and hour of service endorsed thereon by me, to: **ALEXANDER PAUL, CITY OF FORT LAUDERDALE**
**police dept., c/o WANDA OUTLAW COURT LIAISON** at the alternate address of: **1300 BROWARD BLVD, FORT**
**LAUDERDALE, FL,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
SERVICE CANNOT BE MADE AT THIS ADDRESS. CITY OF FORT LAUDERDALE IS NOT LOCATED AT THIS
ADDRESS.

SERVED AT CITY OF FORT LAUDERDALE POLICE DEPARTMENT 1300 BROWARD BLVD.

**Description** of Person Served: Age: 25+, Sex: M, Race/Skin Color: BLACK, Height: 5'9, Weight: 170, Hair: BLACK,
Glasses: N

## RETURN OF SERVICE For CACE21006919

Under penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true. I am over the age of 18, have no interest in the above action and am a Specially Appointed Server, in good standing, in the 17th Judicial Circuit wherein this process was served. No Notary required pursuant to F.S. 92.525 (2).

**MICHEAL BRYANT**
SPS 1537

**JUAN M. RIPOLL & ASSOCIATES**
**4105 EAST 9TH COURT**
**HIALEAH, FL 33013**
**(786) 290-0900**

Our Job Serial Number: MRM-2021270349

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

Filing # 124489409 E-Filed 04/07/2021 01:42:06 PM

IN THE CIRCUIT COURT OF THE 17ᵗʰ JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

RAYMOND PURCELL
and
RANDALL PURCELL_____, Plaintiff

        v.

CITY OF FORT LAUDERDALE, Florida, a municipal corporation,
STEVEN POHORENCE, and
ALEXANDER PAUL_____, Defendant

CASE NO.  CACE21006919

*4/27/21*
*@ 11:04 AM*
*MB SPS*
*1537*

THE STATE OF FLORIDA:
To Each Sheriff of the State:

TO:   Alexander Paul c/o Wanda Outlaw, Court Liaison

Address:  City of Ft. Lauderdale Police Dept., 100 North Andrews Avenue Fort Lauderdale, FL 33301

## SUMMONS: PERSONAL SERVICE ON A NATURAL PERSON

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at: CLERK OF THE CIRCUIT COURT, 201 S.E. 6ᵗʰ STREET, FT. LAUDERDALE, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney"at:  Michael T. Davis, mdavis@kuehnelaw.com, cmelo@kuehnelaw.com

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce

legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Michael T. Davis
Plaintiff/Plaintiff's Attorney
100 SE 2nd Street, Suite 3105, Miami, FL 33131
Address

## THE STATE OF FLORIDA

To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

Dated _____ APR 14 2021

*[Name of the Clerk]*
Clerk of the Circuit Court

By: _____

BRENDA D. FORMAN

Filing # 125886670 E-Filed 04/29/2021 04:58:36 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.:  CACE21-006919

RAYMON PURCELL
and
RANDALL PURCELL

                              Plaintiff

v.

CITY OF FORT LAUDERDALE, Florida,
a municipal corporation,
STEVEN POHORENCE, and
ALEXANDER PAUL          Defendant

*5/6/21*
*@ 1:31 Am*
*MB SPS*
*1537*

*Scott Wyman*

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant: CITY OF FORT LAUDERDALE c/o MAYOR  DEAN J TRANTALIS
                    100 North Andrews Avenue
                    Fort Lauderdale, FL 33301
        Each defendant is required to serve written defenses to the complaint or petition on:
                    Michael T. Davis                    (plaintiff  or  plaintiff's  attorney)
whose address is:  100 SE 2nd Street, Suite 3105
                    Fort Lauderdale, FL 33301
within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately after the service.  If a defendant fails to do so, a default mayl be entered against that defendant for the relief demanded in the complaint or petition.

                    Dated _____.          APR 30 2021

                    [Name of the Clerk]
                    As Clerk of the Court

                    By _____ Deputy Clerk

                              BRENDA D. FORMAN

# RETURN OF NON-SERVICE

**State of Florida**

**County of Broward**

Case Number: CACE21006919

Plaintiff:
**RAYMOND PURCELL and
RANDALL PURCELL**

vs.

MRM2021270348

Defendant:
**Florida, a municipal corporation, STEVEN POHORENCE, and ALEXANDER
PAUL,**

For:
MICHAEL T. DAVIS
KUEHNE DAVIS LAW, P.A.
100 SE 2 STREET
STE,3105
MIAMI,, FL 33131

Received by JUAN M. RIPOLL & ASSOCIATES on the 16th day of April, 2021 at 3:45 pm to be served on **STEVEN
POHORENCE, CITY OF FORT LAUDERDALE police dept., c/o WANDA OUTLAW COURT LIAISON, 100 North
Andrews Avenue, Fort Lauderdale,, FL 33301.**

I, MICHEAL BRYANT, do hereby affirm that on the **27th day of April, 2021** at **11:01 am, I:**

**NON-SERVED** the **CIVIL ACTION SUMMONS & COMPLAINT** for the reason that I failed to find **STEVEN
POHORENCE, CITY OF FORT LAUDERDALE police dept., c/o WANDA OUTLAW COURT LIAISON** or any
information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
4/20/2021 12:52 pm  SERVICE CANNOT BE MADE AT THIS ADDRESS. CITY OF FORT LAUDERDALE IS NOT
LOCATED AT THIS ADDRESS. THEIR ADDRESS IS 1300 BROWARD BLVD.
ATTEMPTED SERVICE AT FORT LAUDERDALE POLICE DEPARTMENT 1300 BROWARD BLVD FORT
LAUDERDALE, FL, PER WANDA OUTLAW SHE CANNOT ACCEPT SERVICE ON A SUMMONS FOR THE
DEFENDANT AND THE DEFENDANT NO LONGER WORKS THERE.

Under penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are
true. I am over the age of 18, have no interest in the above action and am a Specially Appointed Server, in good
standing, in the 17th Judicial Circuit wherein this process was served. No Notary required pursuant to F.S. 92.525
(2).

**MICHEAL BRYANT**
SPS 1537

**JUAN M. RIPOLL & ASSOCIATES
4105 EAST 9TH COURT
HIALEAH, FL 33013
(786) 290-0900**

Our Job Serial Number: MRM-2021270348

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

RAYMOND PURCELL
and
RANDALL PURCELL _____, Plaintiff

CASE NO. _CACE21006919_

v.

CITY OF FORT LAUDERDALE, Florida, a municipal corporation,
STEVEN POHORENCE, and
ALEXANDER PAUL _____, Defendant

THE STATE OF FLORIDA:
To Each Sheriff of the State:

*4/27/21*
*11 01 AM*
*m B SPS 1537*

TO: ___Steven Pohorence c/o Wanda Outlaw, Court Liaison_

Address: City of Ft. Lauderdale Police Dept., 100 North Andrews Avenue Fort Lauderdale, FL 33301

## SUMMONS: PERSONAL SERVICE ON A NATURAL PERSON

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court, located at: CLERK OF THE CIRCUIT COURT, 201 S.E. 6th STREET, FT. LAUDERDALE, FL 33301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney"at: _Michael T. Davis, mdavis@kuehnelaw.com, cmelo@kuehnelaw.com_

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce

legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

 Michael T. Davis
-----------------------------------------
Plaintiff/Plaintiff's Attorney
 100 SE 2nd Street, Suite 3105, Miami, FL 33131
-----------------------------------------
Address

## THE STATE OF FLORIDA

To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

Dated _____ APR 14 2021

*[Name of the Clerk]*
Clerk of the Circuit Court

By _____ Clerk

BRENDA D. FORMAN